IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALONZO E. WALKER, JR. and )
ALONZO EDWARD WALKER, )
)
      Plaintiffs, )
)
vs. ) No. 05 C 7211
)
VILLAGE OF BOLINGBROOK, et al., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Alonzo E. Walker, Jr. and Alonzo Edward Walker bring this action against defendants Stephanie Sanchez, Filimon Sanchez (the Sanchez defendants), the Village of Bolingbrook (the Village), and Bolingbrook police officers Furtek, Morrow, and Hamilton (the Bolingbrook officers), alleging unlawful search and seizure (claim I), conspiracy to violate civil rights (claim II), unlawful retaliation of protected First Amendment activity (claim III), and negligence under state law (claim IV). In separate motions the Sanchez defendants and the Bolingbrook defendants invoke Fed. R. Civ. P. 12(b)(6) and move to dismiss all claims, save the search-and-seizure claim. For the following reasons, the motion of the Bolingbrook defendants is granted, and the motion of the Sanchez defendants is denied.

When considering a motion to dismiss we accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. McCullah v. Gadert, 344 F.3d 655, 657 (7th Cir. 2003). *See also* Kolupa v. Roselle Park Dist., 438 F.3d 713, 715 (7th Cir. 2006); Brown v. Budz, 398 F.3d 904, 908-909 (7th Cir. 2005). A plaintiff need only provide a short and plain statement that provides the minimum facts necessary to put the defendant

on notice of the claim. Lekas v. Briley, 405 F.3d 602, 606 (7th Cir. 2005) (citing Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) and Walker v. Thompson, 288 F.3d 1005, 1007 (7th Cir. 2002)).

According to plaintiffs' amended complaint, on March 28, 2005, the Sanchez defendants allowed their two dogs to attack a dog owned by Alonzo Walker, Jr., causing injuries to Walker, Jr.'s dog. On the same day, the Bolingbrook officers searched and ultimately seized plaintiffs' motor vehicles. Plaintiffs allege that the Sanchez defendants and the Bolingbrook officers conspired to have plaintiffs charged with Village ordinance violations. Officer Furtek and the Sanchez defendants allegedly prepared a false police report in furtherance of the conspiracy.

Plaintiffs appeared in court for trial on their ordinance violations, but the Village filed a motion to voluntarily withdraw all charges. On December 27, 2005, plaintiffs brought an action against defendants alleging conspiracy to violate their civil rights, malicious prosecution, and negligence. After the Village received the complaint, plaintiffs allege that an attorney for the Village called the Circuit Court Clerk and requested that the ordinance violation charges be reinstated against plaintiffs. Those charges were reinstated, and plaintiffs subsequently amended their complaint, adding the claim that the Village reinstated the charges in retaliation for plaintiffs filing the federal civil rights action.

The Village and the Bolingbrook officers argue that the retaliation claim must be dismissed because a prosecutor is absolutely immune for his/her decisions to prosecute under Imbler v. Pachtman, 424 U.S. 409 (1976). That is a correct summation of black letter law, but plaintiffs, in an apparent move to evade the absolute immunity blockade, have not named any Village attorney as a defendant. Plaintiffs assert that they have only brought an action against

the Village as a municipality, in its official capacity, and that the Village may not assert the immunities that shield its officers. Plaintiffs' legal proposition is also an accurate nutshell of the law. Killinger v. Johnson, 389 F.3d 765, 771 (7th Cir. 2004); Hernandez v. Sheahan, 455 F.3d 772, 776 (7th Cir. 2006). However, the threshold issue here is not what immunities a municipality may assert, but how municipal liability must be pled in order to state a claim.

To allege municipal liability, a plaintiff must claim that a municipality's custom, policy, or practice caused him/her constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978). This is the teaching of the principal case that plaintiffs cite in defense of their retaliation claim. See Kentucky v. Graham, 473 U.S. 159, 166 ("thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."). Since plaintiffs do not refer to any municipal policy or custom, their claim against the Village must be dismissed. See Comito v. Crowe, 1999 WL 168464, *4 (N.D. Ill. 1999). It is conceivable that a municipality may be liable if its policies cause a constitutional injury, even when the municipal official who effectuates the policies is ultimately immune from a section 1983 action. Yet, this is not the claim that plaintiffs make, and, in the process of granting all reasonable inferences in their favor, it would be improper to infer and retain a claim that they do not wish to assert. Accordingly, count III is dismissed without prejudice.

The Sanchez defendants move to dismiss the conspiracy and negligence claims. They first argue that plaintiffs' conclusory allegations of a conspiracy fail to demonstrate that defendants acted under color of state law, or that there was any joint action or agreement. Because section 1983 does not provide a cause of action for conspiracy *per se* (Lesser v. Braniff Airways, Inc., 518 F.2d 538, 540 (7th Cir. 1975)), plaintiffs must allege that defendants reached an agreement to deprive them of their constitutional rights. Williams v. Seniff, 342 F.3d 774,

785 (7th Cir. 2003); Vukadinovich v. Zentz, 995 F.2d 750, 756 (7th Cir. 1993). Even though plaintiffs' conspiracy claim is not measured by Rule 9(b) pleading standards, they must still allege "the parties, the general purpose, and the approximate date of the conspiracy." Loubser v. Thacker, 440 F.3d 439, 442-443 (7th Cir. 2006).

The Sanchez defendants cite Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998), in which the court dismissed a complaint that alleged conspiracy but failed to "demonstrate[ ] the existence of any joint action." The court also held that the plaintiff "failed to demonstrate" that the defendants acted under color of law and that he was deprived of due process of law. *Id.* In several recent decisions the Seventh Circuit has reiterated that federal complaints plead claims, not legal theories or factual details, and that a plaintiff need not establish or demonstrate any facts or elements in support of those claims at the pleading stage. *See* Rapid Test Products, Inc. v. Durham School Services, Inc., 2006 WL 2382430, *2 (7th Cir. 2006); McCready v. EBay, Inc., 453 F.3d 882, 888 (7th Cir. 2006); Simpson v. Nickel, 450 F.3d 303, 305-06 (7th Cir. 2006); Kolupa, *supra*, Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

Despite their protestations to the contrary, by faulting plaintiffs for not demonstrating the elements of their conspiracy claim, the Sanchez defendants hold plaintiffs' complaint to a heightened pleading standard. Plaintiffs have named the parties to the alleged conspiracy (the Bolingbrook officers and the Sanchez defendants), the general purpose (to have plaintiffs wrongfully charged with Village ordinance violations), and the approximate date of the conspiracy (March 28, 2005). Plaintiffs also allege that defendant Furtek and the Sanchez defendants completed a false police report to further the conspiracy. Plaintiffs' allegations are sufficient under proper notice pleading standards.

The Sanchez defendants also argue that the conspiracy claim must be dismissed because

plaintiffs have not pled that they were deprived of a constitutional right. Plaintiffs essentially claim that defendants acted together and used a falsified police report to manufacture bogus charges that could (and did) lead to plaintiffs' prosecution. The Seventh Circuit noted that such conduct violates civil rights in Gauger v. Hendle, 349 F.3d 354, 358 (7th Cir. 2004), *overruled on other grounds by* Wallace v. Chicago, 440 F.3d 421 (7th Cir. 2006). *See also* Henriksen v. Picardi, 2006 WL 299071, *14 (N.D. Ill. 2006) (citing Gauger). The Sanchez defendants ignore Gauger in their reply brief. Plaintiffs' conspiracy claim survives the motion to dismiss.

Count IV, which alleges negligence under state law, must be dismissed according to the Sanchez defendants because plaintiffs do not allege what duty was owed to them, how this duty was breached, and how plaintiffs were injured. The Sanchez defendants make specific reference to Form 9 of the Federal Rules of Civil Procedure, which is curious because, as plaintiffs note, the content of the allegations in the complaint closely tracks the substance of the model negligence claim. Plaintiffs need not plead legal theories (Simpson, *supra*), and the Sanchez defendants again call for a heightened pleading standard. *See* motion at para. 13 (citing state law cases for the proposition that a negligence claim "must allege facts sufficient to show the existence of a duty, a breach of that duty, and injury to the plaintiff which is proximately caused by that breach."). The Sanchez defendants also state that any injuries that Walker, Jr.'s dog received were the result of defendants' dogs protecting themselves from attack. But for this assertion to have any value, we would have to credit defendants' version of events over those set forth in the complaint, and by doing so we would turn the Rule 12(b)(6) standard of review on its head. Lastly, the Sanchez defendants argue that plaintiffs fail to sufficiently allege the damages prong of the negligence claim because there is no assertion that

Alonzo Walker, Jr. was injured. Plaintiffs plainly allege veterinary expenses, severe emotional distress, and loss of use and enjoyment of property – all conceivable consequences of the alleged conduct.

## CONCLUSION

For the foregoing reasons, count III of the complaint is dismissed without prejudice. The Sanchez defendants' motion to dismiss is denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 29, 2006.